**FILED**
JAMES J. VILT, JR. - CLERK

MAR 23 2026

**U.S. DISTRICT COURT**
WEST'N. DIST KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                     PLAINTIFF

v.                                                      CRIMINAL NO. 3:26-CR-27-CHB-CHL

NEDRA YOUNG                                                               DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, and defendant, Nedra Young, and her attorney, Scott C. Cox, have agreed upon the following:

1.      Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information which will be filed against defendant by the United States Attorney for the Western District of Kentucky. That information will charge defendant with violations of Title 18 United States Code Section 1344(1). Defendant further acknowledges that the Information in this case seeks forfeiture, pursuant to Title 18, United States Code, Section 982(a)(8), of any real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of such offenses and constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of the offenses.

2.      Defendant has read the charges against her contained in the Information, and those charges have been fully explained to her by her attorney. Defendant fully understands the nature and elements of the crimes with which she has been charged.

3.    Defendant will enter a voluntary plea of guilty to Counts 1 through 3 in this case. Defendant will plead guilty because she is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

Nedra Young knowingly took advantage of her role as an employee of a federally insured financial institution, identified in the Information as "Financial Institution 1," in order to defraud the institution and divert funds she was not entitled to for her own benefit and for the benefit of certain family members. This conduct included but was not limited to the following:

On or about September 19, 2019, in the Western District of Kentucky, Young, in her capacity as an officer of Financial Institution 1, processed a $27,500 loan for Victim 1, a member of the credit union and the actual borrower on the loan, causing a $1,000 check, purportedly to the benefit of the borrower, to be issued from the loan proceeds without the knowledge or consent of the borrower. Young fraudulently endorsed and deposited the check and used the illicit proceeds to benefit her and her family members.

On or about June 7, 2019, in the Western District of Kentucky, Young, in her capacity as an officer of Financial Institution 1, processed a $25,000 loan for Victim 2, a member of the credit union and the actual borrower on the loan, causing three checks totaling $1,000, purportedly to the benefit of the borrower, to be issued from the loan proceeds without the knowledge or consent of the borrower. Young fraudulently endorsed and/or misapplied the checks to benefit her and her family members.

On or about and between May 30, 2019, in the Western District of Kentucky, Young, in her capacity as an officer of Financial Institution 1, processed a $13,750 loan for Victim 3, a member of the credit union and the actual borrower on the loan, causing payments of $2,042.30, purportedly to the benefit of the borrower and derived from the loan proceeds, to be applied to service the debts of Young and her family members, without the knowledge or consent of the borrower.

4.    Defendant understands that the charges to which she will plead guilty carry a combined maximum term of imprisonment of ninety years, a combined maximum fine of $3,000,000, and a three-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which she

will plead guilty she may be ordered to forfeit, pursuant to Title 18, United States Code, Section 982(a)(8), any real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of such offenses and constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of the offenses..

5.      Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty.  In addition, if she is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose her to denaturalization under federal law.  Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including her attorney or the U.S. District Court, can predict with certainty how her conviction may affect her immigration, naturalization, or citizenship status.  Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that she will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, she surrenders certain rights set forth below.  Defendant's attorney has explained those rights to her and the consequences of her waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charge[s] against her, she has the right to a public and speedy trial.  The trial could either be a jury

3

trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

C.    At a trial, defendant would have a privilege against self-incrimination and she could decline to testify, without any inference of guilt being drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

8.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which she pleads guilty.

9.    Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties agree

and stipulate that Defendant shall pay restitution in the amount of $163,152. The parties agree that the restitution shall be ordered due and payable on the date of sentencing. Defendant agrees that any payment schedule imposed by the Court is without prejudice to the United States to take all actions available to it to collect the full amount of the restitution at any time. Restitution payments shall be made payable to the U.S. District Court Clerk at Gene Snyder Courthouse, 601 W. Broadway, Louisville, KY 40202. The restitution shall be paid to or on behalf of the following victim(s):

| Victim | Amount |
|---|---|
| To be provided to Financial Clerk | $163,152 |

Defendant agrees that not later than 45 days from entry of the Plea Agreement, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's assets/financial interests. Defendant authorizes the United States to run credit bureau reports prior to sentencing, and Defendant will sign releases authorizing the United States to obtain Defendant's financial records. Defendant understands that these assets and financial interests include all assets and financial interests in which Defendant has an interest, direct or indirect, whether held in Defendant's own name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of the first offense, including the location of the assets and the identity of the third party(ies). Defendant agrees that the United States may share the contents of the reports and financial disclosures with the Court and U.S. Probation.

Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs. If the Defendant has a financial advisor or accountant, Defendant agrees, at her expense, to make them available to aid the United States in determining Defendant's net

5

worth.  Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly.  Defendant agrees to her name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secrete any of Defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)  However, the Defendant may not withdraw her guilty plea because of her breach.   The defendant further understands that she may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $300 to the United States District Court Clerk's Office by the date of sentencing.

11.     At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]

---

[1] The defendant acknowledges that she has read the Notice and Penalty Pages attached to the Indictment/Information, and that she understands the interest and penalty provisions applicable to the fine imposed

-recommend a reduction of up to 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw her plea.

-stipulate that the amount of loss involved in this case is $163,152.

12.    Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A.    The Applicable Offense Level should be determined as follows:

Base Offense Level:                    7 (USSG §2B1.1(a)(1))

Specific Offense Characteristics:      +10 (USSG §2B1.1(b)(1)(F)

Adjustment for Zero-Point Offender:   -2 (USSG §4C1.1)

Total Offense Level:   15

B.    The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

C.    The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at

---

and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13.  Defendant agrees to the following waivers of appellate and post-conviction rights:

A.  The Defendant is aware of her right to appeal her conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal her conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B.  The Defendant is aware of her right to contest or collaterally attack her conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C.  The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5).  The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for USSG §1B1.13(b)(6) ("Unusually Long Sentence").

14.    Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment.  Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

15.    Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed.  The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

8

16.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

19.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

9

20.    The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

21.    It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw her guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

22.    Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that she has informed the United States Attorney's Office and the Probation Officer, either directly or through her attorney, of all mitigating factors.

23.    This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

_____                    ___3/23/26_____
Corinne E. Keel                                      Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          _____
Nedra Young                                                   Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          _____
Scott C. Cox                                                   Date
Counsel for Defendant


KGB:CEK

11